This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 35,410**

**DUSTIN L. GARRISON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

**{1}** Defendant appeals his convictions for four counts of first degree Criminal Sexual Penetration (Child under 13). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**Admission of Exhibits**

**{2}** Defendant continues to challenge the district court's admission of the State's Exhibits No. 2 and No. 3. [MIO 5] "With respect to the admission or exclusion of evidence, we generally apply an abuse of discretion standard where the application of an evidentiary rule involves an exercise of discretion or judgment, but we apply a de novo standard to review any interpretations of law underlying the evidentiary ruling." *Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 13, 146 N.M. 453, 212 P.3d 341.

**{3}** Defendant argues that the challenged exhibits were not authenticated, were not relevant, and were prejudicial. [MIO] Exhibit No. 2 was Defendant's Facebook account profile, which Child identified as part of her testimony relating to communications with Defendant. [DS 2] Defendant argues that the Facebook page could have been fabricated and claims that this type of social media is susceptible to manipulation by third parties. [MIO 6-8] However, for purposes of authentication, the exhibit was authenticated under Rule 11-901(B)(2) NMRA, because Child was a witness with knowledge. Defendant's argument of fabrication poses a question of the weight of the evidence, not one of admissibility. Because the authentication in this

case satisfied Rule 11-901(B)(2), we do not need to address Defendant's reliance on out-of-state authority. [MIO 6-8] We note, however, that the test cited by Defendant would require him to verify authenticity, which, as applied here, would be contrary to the right against incrimination. [MIO 8]

**{4}** The exhibit was highly relevant, because it was part of the State's case that Defendant and Child used Facebook for communications relating to activities that formed the basis of the charges against Defendant. [MIO 4] We also conclude that the district court acted within its discretion in determining that the highly probative nature of the exhibit outweighed any prejudice. [MIO 4]

**{5}** Exhibit No. 3 was an exhibit of a transcript of communications on the aforementioned Facebook account between Defendant and Child's stepmother, who had posed as Child after she became suspicious of the account activities. [MIO 3] As with Exhibit No. 2, we conclude that the stepmother's in-court testimony provided the requisite authentication under Rule 11-901(B)(2). The transcript was relevant because it contained incriminating statements by Defendant, and the probative value outweighed any prejudice. [MIO 3; DS 5]

**Jury Instruction**

**{6}** Defendant continues to claim that the district court erred in only orally instructing the jury on UJI 14-105 NMRA, relating to the exhibits, instead of giving

3

the jury a written instruction. [MIO 9] However, the Use Note for UJI 14-105 specifically states that the instruction does not go to the jury room. Because the district court read [RP 231] the instruction after being requested to do so, the district court did not err with respect to this issue.

**Witness Testimony**

{7}     Defendant continues to claim [MIO 10] that the district court erred in allowing his ex-wife to testify concerning his signature. This testimony was admissible under Rule 11-901(B)(2) NMRA, which allows non-expert opinion from a witness who is familiar with the handwriting at issue. To the extent that Defendant believed that his ex-wife was biased against him, her credibility was a matter for the fact finder to resolve. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

{8}     For the reasons discussed above, we affirm.

{9}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

4

_____
**TIMOTHY L. GARCIA, Judge-**